CLINE *v*. RED BANK UTILITY DIST.

(*Knoxville,* September Term, 1951.)

Opinion filed June 7, 1952.

Rehearing denied July 11, 1952.

256

THOMAS CRUTCHFIELD and W. F. CHAMLEE, both of Chattanooga, for complainant.

W. D. MOON, JR., and J. F. ATCHLEY, both of Chattanooga, for defendant.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The Red Bank Utility District was erected in Hamilton County, Tennessee, pursuant to the provisions of Chapter 248 of the Public Acts of 1937. The District issued

revenue bonds as provided in said act for the purpose of providing a water and sewer system for the Community of Red Bank.

It is conceded that the District was a *non profit* municipality, and that all revenue derived from users of the sewer system was applied to the payment of the bonds as well as accrued interest thereon. Section Eleven (11) of the Act expressly provides for a "statutory" lien upon the system, including "all extensions and improvements thereto * * * in favor of the holder or holders of any bonds issued pursuant to this Act and all such property shall remain subject to such statutory lien until the payment in full of the principal of and interest on said bonds."

The complainant, Lucy H. Cline, filed her original bill in the Chancery Court of Hamilton County against the Red Bank Utility District for a decree in the amount of $1,770, insisting that she had built an extension to the District's sewer system to serve seven pieces of property which she owned and upon which she had erected houses for sale, and that she was entitled to be reimbursed for the amount of money so expended. She claimed that the Chairman of the Board of Commissioners of the District stated to her that the District had no money with which to repay her and that it would be at least two (2) years before there would be any money available for such purposes. The complainant's suit was predicated upon the claim of an oral contract to pay her and that the District later took over her extension and levied a charge against her vendees for use of the sewer extension and was thereby guilty of a conversion of her property. The Utility District demurred to the bill upon the ground that the alleged oral agreement was in violation of the Statute of

Frauds, Code Section 7831, providing that no action shall be brought "upon any agreement or contract which is not to be performed within the space of one year from the making thereof".

The Special Chancellor overruled the demurrer, with the right of the defendant to rely on it in its answer. The defense made in the answer was that there was no contract or agreement; that she had no permit from Hamilton County to lay any sewer line in Lamar Street and that she had no permit to connect her sewer line with the defendant's system; that the defendant did not know of any excavations being made in the street to lay sewer pipes until complaint was made about the condition of the street; that she "barged in" and connected with the defendant's sewer system to the benefit of her own property; that she collected a charge from other property owners for "tapping" her sewer line, etc. It was further insisted by the Utility District that there was no conversion; that she was a volunteer and was herself enriched by the transaction.

The cause was heard upon oral evidence resulting in a decree in favor of the complainant and against the Utility District. The Special Chancellor held that there was no contract between the parties; but that defendant was liable on the theory that it took over the complainant's sewer line, charged each property owner a dollar ($1.00) per month for service (Mrs. Cline had sold the houses following the sewer connection), and hence was guilty of a conversion of the property. The defendant appealed to the Court of Appeals and that court affirmed the decree of the Special Chancellor. We granted certiorari and have heard oral argument upon the assignments of error.

Contention is made (1) that the court erred in overruling its demurrer; (2) that the court erred in holding there was an implied contract to the effect that complainant would be reimbursed for building the private sewer line; and (3) ''The Honorable Court of Appeals erred in finding and holding that the complainant was entitled to recover on the theory that the defendant was unjustly enriched because of the construction by the complainant of a sewer line in the street, which the complainant attached to and connected with the defendant's existing sewer system. The Court should have held and decreed that the complainant constructed this private sewer line, voluntarily, and for her own benefit, and to enhance the value of her own property, and to more readily promote the sale to the public or to others, of her seven new houses, which she had built for sale.''

██ We find no competent evidence to sustain the complainant's theory that there was an implied contract that she would be repaid the amount expended in laying the private sewer line in Lamar Street. While the complainant testified that Dr. Morton, Chairman of the Board, ''supervised the construction of the work'' she gave no facts upon which she based her statement. It was a mere conclusion of the witness that he was directing the work. The contractors, who actually did the work, were not offered as witnesses to prove that Dr. Morton directed them to do anything. Moreover Dr. Morton filed an affidavit, which was considered as evidence in the case, stating that Mrs. Cline consulted him about hitching on to the defendant's sewer system and he told her that she would have to do it at her own expense; that the Utility District did not have any money; that it had to pay its income to liquidate bonds that were falling due and they did not

have any money to spend for any additions or extensions.

We think the demurrer was properly overruled because there was no contract or agreement to which the Statute of Frauds could apply. Considering the conversation between Mrs. Cline and Dr. Morton as a promise by the latter to reimburse her it was in no sense binding upon the Utility District for the followng reasons: (1) there is no evidence, direct or otherwise, that he had authority to bind the District; (2) the Utility District could not lawfully use any current revenue to pay the cost of private sewer lines and connections, all such revenue being held in trust by the Utility Commissioners to liquidate bonds of the District.

The contention made by complainant that liability attaches on the ground of "unjust enrichment" is based upon a pure assumption, that is, because the Utility District took over the maintenance of the sewer extension and collected a monthly rental from Mrs. Cline and later from her vendees, that the Utility District was "enriched". There is no evidence in the record of any net profit to the District resulting from the transaction. We take judicial cognizance of the fact that there is an overall cost of maintaining trunk sewer lines to which all users must contribute and also so-called feeder lines. All net revenue goes to bondholders. In these circumstances we cannot see any "unjust enrichment" to the Utility District. Considering further the question of enrichment we think that the complainant's property increased in value as a result of this sewer connection. There is proof to that effect and it is not contradicted. It is also shown that the cost of laying this private sewer line by complainant was about the same as the cost of building septic tanks. If Mrs. Cline's property increased in value,

due to this desirable improvement, her right to reimbursement for it is wholly without reason.

Inasmuch as complainant's property was enriched by her own voluntary act in building a private sewer line, and connecting it with the defendant's system, it cannot be said as a matter of law that the Utility District is liable to complainant upon the theory that there has been a conversion of the property.

The assignments of error are sustained, and the cause is reversed and dismissed.